IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOSE A. REAS-MENDEZ,

    Plaintiff,

  v.

GARY BOUGHTON, et al.

    Defendants.

ORDER

Case No. 15-cv-746-wmc

Pro se plaintiff Jose A. Reas-Mendez brings this lawsuit under 42 U.S.C. § 1983, alleging that his Eighth Amendment rights have been violated because a chunk of caulk fell from the wall of his cell and hit him, and then after receiving treatment, he was placed back in that cell. His amended complaint is now ready for screening under 28 U.S.C. § 1915A. Reas-Mendez's complaint does not name proper defendants, nor does it provide sufficient detail to state a claim, but he will be permitted the opportunity to amend his complaint to correct the deficiencies described below.

ALLEGATIONS OF FACT[1]

Reas-Mendez is currently incarcerated at Stanley Correctional Institution ("SCI"), but the incidents related to his complaint occurred when he was incarcerated at the Wisconsin Secure Program Facility ("WSFP"), located in Boscobel, Wisconsin. He names two WSPF employees as defendants: Gary Boughton, the warden, and Jerome Sweeney, the security director.

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this order, the court assumes the facts above based on the allegations in Reas-Mendez's complaint.

1

On October 30, 2014, plaintiff was injured in his cell. He had been lying down when a large piece of caulk fell from the wall striking him over his left eye on the forehead. It briefly knocked him unconscious and caused a laceration on his forehead.

Reas-Mendez pushed the emergency call button in his cell. Sergeant Jaworski answered, and directed Officer Gilardi to report to Reas-Mendez's cell. Reas-Mendez told Gilardi what happened, and Officer Gilardi found the 4-inch piece of caulk that had fallen. Reas-Mendez was then taken to the health services unit ("HSU"). Sergeant Lange took pictures of his face, his cell and the piece of caulk. While at HSU, Reas-Mendez's left eye was irrigated, the abrasion above his left eye was cleaned and antiseptic cream and bandages were applied. He received no follow-up treatment.

After he received treatment, Reas-Mendez was escorted back to his cell, but apparently nothing had been done by WSPF staff to ensure that it was safe for occupancy. He has not alleged that he suffered any subsequent injuries in his cell, nor has he described the state of his cell when he returned to it. Nonetheless, on November 10, 2014, Reas-Mendez filed two complaints about the fact that he was placed back in an unsafe cell after he was injured, and those complaints were dismissed.

OPINION

Plaintiff claims that the defendants violated his rights under the Eighth Amendment, which prohibits "punishment" that is "cruel and unusual," and imposes a duty on prison officials to provide "humane conditions of confinement" by ensuring that inmates receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials also must ensure that "reasonable measures"

2

are taken to guarantee inmate safety and prevent harm. *Id*. To state an Eighth Amendment claim based on a failure to prevent harm, an inmate must demonstrate that (1) the harm that befell the prisoner was objectively, sufficiently serious and a substantial risk to his health or safety; and (2) the individual defendants were deliberately indifferent to that risk. *Id.*; *see also, e.g., Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006) (citing *Matos ex. Rel. Matos v. O'Sullivan*, 335 F.3d 553, 556 (7th Cir. 2003) (citation omitted)).

Plaintiff's complaint suffers from two potentially fatal issues. First, plaintiff has not properly named any defendants. Personal participation is a general requirement to liability for a § 1983 claim. *Alejo v. Heller,* 328 F.3d 930, 936 (7th Cir. 2003) ("A plaintiff bringing a civil rights action [under § 1983] must prove that the defendant personally participated in or caused the unconstitutional actions."). The named defendants, Boughton and Sweeney, were not involved in responding to or treating plaintiff's injury, nor were they involved in the decisions about his cell placement. In fact, plaintiff does not allege that they even knew about this incident. Although supervisors may be held liable for policies over which they have control, plaintiff is not challenging any WSPF policy; he is challenging the fact that he was placed in an allegedly unsafe cell. *See Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997) (supervisor may be liable if he knows about and approves of conduct); *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (supervisor may be held liable if he had control over deficient training or flawed policies). Accordingly, Boughton and Sweeney will be dismissed. However, plaintiff does include the names of other WSPF staff involved in his treatment. If they or other WSPF employees were involved in the

decision to return him to his same cell, *perhaps* a claim could be alleged against them. Accordingly, plaintiff may amend his complaint to name those individuals as defendants.

The second problem with plaintiff's complaint is even more fundamental: he does not allege that, before the piece of caulk fell, *anyone* knew that his cell was in such a state of disrepair that a piece of caulk might fall on him. Thus, he has no Eighth Amendment claim as to the actual injury that he suffered because he does not allege that any defendant knew his cell was unreasonably dangerous. The same is true as to his claim that he should not have been returned to his cell following his injury. Although at that point, some members of WSPF staff obviously knew that caulk had fallen from the ceiling of his cell, plaintiff has not alleged sufficient facts to infer they knew his cell was so unsafe *after* the caulk fell that it was not suitable for occupancy. Without more details about the actual state of his cell when he was returned to it (such as sharp edges, cracks, or other instances where other piece of the wall or ceiling fell), the court cannot infer that plaintiff was returned to an unreasonably dangerous living environment following his injury. If plaintiff chooses to amend his complaint, it will be necessary for him to specify that any named defendant knew that his cell was unsafe for occupancy when he was returned to it after his injury.

ORDER

IT IS ORDERED that:

1. Plaintiff Jose Reas-Mendez may have until **June 2, 2017,** to amend his complaint to correct the deficiencies described in this opinion.

2. Defendants, Gary Boughton and Jermone Sweeney, are DISMISSED.

3.  If Reas-Mendez does not file an amended complaint as directed, this case will be dismissed and Reas-Mendez will receive a STRIKE pursuant to 28 U.S.C. § 1915(g) for failure to state a claim upon which relief will be granted. Any amended complaint will be screened in accordance with 28 U.S.C. § 1915A.

Entered this 23rd day of May, 2017.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge